UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | CV 15–00162 BRO (DTBx) | Date | February 6, 2015 |
|---|---|---|---|
| Title | MIKE SPANOS V. U.S. BANCORP ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS)

**ORDER REMANDING THIS CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

**I.      INTRODUCTION**

Plaintiff Mike Spanos ("Plaintiff") initiated this action on January 26, 2015. (Dkt. No. 1.) Plaintiff filed a Complaint following a foreclosure on his home, located at 13354 Viejo Circle, Victorville, California. (Compl. ¶¶ 1, 7.) Plaintiff currently faces eviction under a California state unlawful detainer action. (*Id.* ¶ 7.) According to the Complaint, Plaintiff has applied and qualifies for loan restructuring and modification, but all of his requests have been denied. (*Id.* ¶ 12.)

The Complaint names four defendants: (1) U.S. Bancorp; (2) Servis One, Inc.; (3) Cal-Western Reconveyance, LLC; and (4) Eagle Vista Equities, LLC (collectively, "Defendants"). Plaintiff purports to bring the following eleven claims against Defendants: (1) slander of title; (2) demand for an accounting; (3) injunctive relief; (4) quiet title; (5) intentional infliction of emotional distress; (6) cancellation of trustee deed upon sale under California Civil Code section 3412; (7) violation of California Civil Code section 2923.5; (8) violation of California Civil Code section 2934a; (9) negligent and oppressive wrongful foreclosure; (10) violation of the California Homeowner Bill of Rights; and (11) violation of the Home Affordable Modification Program ("HAMP").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–00162 BRO (DTBx) | Date | February 6, 2015 |
|---|---|---|---|
| Title | MIKE SPANOS V. U.S. BANCORP ET AL. | | |

On January 29, 2015, the Court issued an order to show cause as to why this case should not be remanded to the Superior Court of California, County of San Bernardino. (Dkt. No. 7.) Plaintiff timely responded. (Dkt. No. 8.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. They possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." *Id.* § 1332(a)(1). The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

## III. DISCUSSION

After reviewing the Complaint and Plaintiff's response to the Court's January 29, 2015 order to show cause, the Court concludes that it lacks subject matter jurisdiction over this controversy. Accordingly, the court **REMANDS** this action to the Superior Court of California, County of San Bernardino. *See* Cal. Civ. Proc. Code § 395(b).

### A. The Court Lacks Diversity Jurisdiction

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15–00162 BRO (DTBx) | Date | February 6, 2015 |
|---|---|---|---|
| Title | MIKE SPANOS V. U.S. BANCORP ET AL. | | |

      The Complaint fails to invoke this Court's federal subject matter jurisdiction under 28 U.S.C. § 1332.  As an initial matter, the Complaint does not allege an amount in controversy.  (*See generally* Compl.)  Plaintiff does seek general, exemplary, and special damages, as well as punitive damages and attorneys' fees.  (*See id.* Prayer for Relief.)  But Plaintiff does not demand any specific amount of damages.  In response to the Court's order to show cause, Plaintiff asserts that the value of his home is at least $193,200.  (*See* Dkt. No. 8 at ¶ 1.)  Plaintiff also asserts that the alleged general, exemplary, and special damages will exceed $100,000 each, and that the alleged punitive damages will exceed $500,000.  (*Id.* at ¶ 2.)  Even assuming these unsupported allegations meet the amount in controversy requirement's preponderance of the evidence standard, the Court still lacks diversity jurisdiction because, as discussed below, Plaintiff has not demonstrated complete diversity.

      Plaintiff alleges that Defendants U.S. Bancorp and Servis One, Inc. are Delaware corporations with a principal place of business in Minnesota and Texas, respectively.  (Compl. ¶¶ 3, 4.)  These allegations are sufficient to demonstrate diversity with respect to these defendants.  But Plaintiff's allegations regarding the citizenship of the remaining two defendants, Cal-Western Reconveyance, LLC ("Cal-Western") and Eagle Vista Equities, LLC ("Eagle Vista") do not demonstrate diversity.

      As the Court explained in its order to show cause, for purposes of diversity jurisdiction, a limited liability corporation is considered a citizen of every state in which its owners or members are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, to adequately allege a limited liability corporation's citizenship and invoke a federal court's diversity jurisdiction, a plaintiff must: (1) identify all of the limited liability corporation's owners or members; and (2) plead the complete citizenship of each owner or member.  For example, if an owner or member is an individual, a plaintiff must plead the individual's state of domicile.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (explaining that a natural person's state citizenship is determined by the individual's state of domicile).  If an owner or member is a corporation, a plaintiff must plead the corporation's state of incorporation and principal place of business.  *See* 28 U.S.C. § 1332(c).

      Here, Plaintiff alleges that Cal-Western and Eagle Vista are California limited liability companies.  (Compl. ¶¶ 5, 6.)  Plaintiff must therefore demonstrate each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | CV 15–00162 BRO (DTBx) | Date | February 6, 2015 |
|---|---|---|---|
| Title | MIKE SPANOS V. U.S. BANCORP ET AL. | | |

defendant's citizenship as outlined above. Plaintiff has failed to do so. The Complaint only alleges Cal-Western and Eagle Vista's principal places of business, as well as the location of their registered agents for service of process. (*Id.*) And Plaintiff's response to the order to show cause only asserts that "all defendants are operating and doing business in almost all states of the United States of America." (Dkt. No. 8 at ¶ 3.) These allegations and assertions are insufficient to demonstrate either Cal-Western or Eagle Vista's citizenship. Plaintiff has not identified the members or owners of either defendant, nor alleged the complete citizenship of each owner or member. Accordingly, Plaintiff has failed to meet his burden of establishing complete diversity, and the Court lacks jurisdiction under § 1332.

### B. The Court Lacks Federal Question Jurisdiction

The Court also lacks subject matter jurisdiction under 28 U.S.C. § 1331. The Complaint's first ten causes of action are all state law claims. (*See* Compl. ¶¶ 13–53.) The eleventh claim alleges a violation of HAMP. (*Id.* ¶¶ 54–55.) Plaintiff's response to the Court's order to show cause asserts that federal question jurisdiction exists based on the HAMP claim. (Dkt. No. 8 at ¶ 4.)

Plaintiff's invocation of federal question jurisdiction under HAMP is unavailing for two reasons. First, it is well-established that HAMP does not provide plaintiffs with a private right of action. *See Dias v. Fed. Nat'l Mortg. Ass'n*, 990 F. Supp. 2d 1042, 1054 (D. Haw. 2013); *Sutcliffe v. Wells Fargo Bank, N.A.*, 283 F.R.D. 533, 553 (N.D. Cal. 2012). As a result, Plaintiff's eleventh claim cannot provide the basis for federal question jurisdiction under the well-pleaded complaint rule. *Franchise Tax Bd.*, 463 U.S. at 13.

Second, to the extent Plaintiff's state law claims allege violations of HAMP, the allegations are insufficient to invoke federal question jurisdiction. "A state cause of action invokes federal question jurisdiction only if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "It is not enough that the court may have to interpret federal laws or regulations. 'Arising under' jurisdiction exists only where the vindication of a right under state law necessarily

| | | | |
|---|---|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | | | **JS-6** |
| **CIVIL MINUTES – GENERAL** | | | |
| Case No. | CV 15–00162 BRO (DTBx) | Date | February 6, 2015 |
| Title | MIKE SPANOS V. U.S. BANCORP ET AL. | | |

turn(s) on some construction of federal law." *Carlos v. Bank of Am. Home Loans*, No. CV 10-1966 AHM, 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011) (internal quotation marks omitted) (concluding that the court lacked federal question jurisdiction and remanding the case where the plaintiffs' state law claims incorporated or turned on alleged HAMP violations). Here, to the extent Plaintiff's state law claims raise federal issues under HAMP, these issues do not reach the requisite level of substantiality to justify federal court jurisdiction. *See Grable*, 545 U.S. at 314 ("Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line . . . , the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff has failed to establish federal court subject matter jurisdiction under either § 1332 or § 1331. Accordingly, the Court **REMANDS** this matter to the Superior Court of California, County of San Bernardino.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |